**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **RACHEL SUE ULREY** | ) | **CHAPTER 13** |
| | ) | |
| **Debtor.** | ) | **CASE NO. 13-70645** |

_____

**MEMORANDUM OPINION**

      The matters before the Court are SunTrust Mortgage, Inc.'s Amended Motion to Revoke Order of Confirmation and Amended Motion for Relief from Post-Confirmation Stay (the "Motion"), the Chapter 13 Trustee's Objection and Response, and the Answer of the Debtor, Rachel Sue Ulrey (the "Debtor"), thereto.  For the reasons noted below, as a condition of the stay remaining in effect as to her principal residence, the Court will require the Debtor to tender all payments due to SunTrust and the Chapter 13 trustee pursuant to her confirmed Chapter 13 plan within thirty days of the date of this Opinion or SunTrust will be granted relief from the automatic stay.


FINDINGS OF FACT

      The facts of this case are straightforward.  The application of law to fact is a different matter. The Debtor defaulted on her home mortgage prior to filing for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq*.  SunTrust Mortgage, Inc. ("SunTrust"), her lender, began foreclosure proceedings with respect to the Debtor's real property in March 2013. The auction of the Debtor's property was scheduled for April 18, 2013 at 9:45 a.m. and was sold on that date at 9:48 a.m. to SunTrust, which submitted the high – and only – bid of $98,275.52.

Subsequently, the Debtor filed a *pro se*[1] bankruptcy petition at 10:33 a.m. on April 18, 2013.

The Debtor then filed a Chapter 13 plan on May 2, 2013, which provided for the Debtor to make

direct mortgage payments to SunTrust with the Trustee to cure $10,000.00 in arrears.  This plan

was confirmed on July 12, 2013.

SunTrust filed the Motion at issue initially on December 20, 2013 and filed an amended

version on December 26, 2013.  SunTrust sought to have the confirmation order revoked because

the Debtor included real property in her schedules and plan despite the fact that a foreclosure sale

was completed prior to the Debtor's filing, thereby extinguishing her property rights.  SunTrust

also requested relief from the automatic stay.  On December 27, 2013, the Chapter 13 Trustee

filed an Objection and Response asserting that an adversary proceeding must be brought in order

to revoke a confirmation order and that the confirmation order in this case should not be revoked.

The Trustee took no position with regard to SunTrust's request for relief from stay.  The Debtor

also responded on January 10, 2014, arguing that the foreclosure sale was not completed prior to

the bankruptcy filing as no memorandum of sale was executed.  The Debtor asserted in her

response that she attempted to make her post-petition mortgage payments, but SunTrust rejected

them.  The Motion and responses were initially set for hearing on January 27, 2014, but were

continued until an evidentiary hearing was held on May 5, 2014.

At the hearing, counsel for SunTrust withdrew the portion of the Motion seeking

revocation of the confirmation order and sought to proceed solely on the request for relief from

stay.  Timothy R. Spaulding, Esq. appeared and testified concerning the events of the foreclosure

auction.  His law firm, Spaulding Law, P.L.C., was foreclosure trustee under the deed of trust

---

[1] Darren T. Delafield, Esq. was later engaged as counsel and filed a notice of appearance on behalf of the Debtor on
May 2, 2013.

being foreclosed.[2]  He stated that he conducted the auction and the sale was "knocked down" at

9:48 a.m., at which time he completed the document admitted as Movant's Exhibit 3.  Exhibit 3

is a document titled "BIDDING INSTRUCTIONS" that sets forth the following:

| | |
|---|---|
| Client/File Name: | SunTrust Mortgage, Inc. v. ULREY, Rachel S. |
| Property Address: | 2106 Kessler Road NE, Roanoke, Virginia 24012 |
| Sale Date & Time: | April 18, 2013, 9:45 AM |
| Sale Location: | Roanoke City Circuit Court |
| Trustee: | Spaulding Law, P.L.C. |
| Prepared By: | AH     Loan Type: FHA     Position: First |

The instructions state that the trustee is to bid the amount of the total debt, which is listed as

$98,275.52, with a note that the "(Bid amount should not exceed total debt amount)."  At the

bottom of the document is a typewritten section with blank spaces, which was completed by Mr.

Spaulding:

Sale Results:   Sold to Suntrust Mortgage Inc.      For $98,275.52
By: Timothy R. Spaulding, Spaulding Law, PLC    Time: 9:48 A.M.
Witnesses:      Herb Smith, Brian Carpenter, Tim Hogan, Barry Compton

Movant's Ex. 3.

Mr. Spaulding explained that, while he did not have any specific personal recollection of

this sale, his standard practice regarding foreclosure auctions was to fill out this type of

memorandum of sale immediately following the auction.  According to his testimony, Mr.

Spaulding has conducted hundreds of foreclosure auctions.  In response to questioning by

Debtor's counsel, he said that he would only deviate from his standard practice if a third-party

purchaser won the auction and he had to call auctions in Roanoke County following the auctions

in Roanoke City.  In that type of situation, he said it would have been possible that he called an

auction in Roanoke City, called an auction in Roanoke County, and then returned to Roanoke

---

[2] See Movant's Ex. 3, 4.

City to complete the memorandum of sale.  Mr. Spaulding testified that on April 18, 2013 he

only had auctions in Roanoke City and all three properties went back to the noteholder.  As a

result, there was no reason to deviate from his standard practice of completing the memorandum

of sale immediately following the auction.  The Debtor and Trustee contended that Movant's

Exhibit 3 was insufficient to constitute a memorandum of sale.[3]

As to the pay history, counsel for the Debtor proffered evidence that the Debtor made

electronic mortgage payments for May, June, and July, which were re-deposited back into her

account.  He also stated that, while the Debtor accumulated those funds for some period of time,

she ultimately had to spend those funds when she lost her job.

The Court requested that each party submit authority within fourteen days supporting

their position on whether Movant's Exhibit 3 constituted a memorandum of sale and whether it

was entered prior to the Debtor filing her bankruptcy petition.  SunTrust, the Debtor, and the

Chapter 13 Trustee have all submitted memoranda and the matter is ready for decision.[4]

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§

1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on

July 24, 1984 and Rule 3 of the Local Rules of the United States District Court for the Western

District of Virginia.  The Court further concludes that consideration of a motion for relief from

stay is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(G).

---

[3] Spaulding testified that if a third-party purchaser had been the high bidder at the sale, that purchaser would have signed a multi-page memorandum of sale, not the bidding instructions.  However, since the noteholder was the high bidder, the notation on the bidding instructions was the sole written memorialization of the sale results.
[4] If and when a debtor's rights in real estate are extinguished by a prepetition foreclosure sale are issues with which other courts continue to wrestle as well.  *See e.g., In re Bell*, 507 B.R. 898 (Bankr. S.D. W.Va. March 26, 2014).

4

11 U.S.C. § 541 sets forth the various property interests includable in the bankruptcy estate. Property of the estate includes, "Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property <u>as of the commencement of the case.</u>" 11 U.S.C. § 541(a)(1) (2012) (emphasis added). The District Court for the Eastern District of Virginia, Alexandria Division, has held that "a foreclosure sale occurring prior to the filing of a bankruptcy petition cuts off the debtor's interest in the foreclosed property." *Abdelhaq v. Pflug*, 82 B.R. 807, 809 (E.D. Va. 1988). The court goes on to state that sale of the property extinguishes the debtor's equitable interest absent a showing that the sale process was deficient. *Id.* Once the auctioneer's hammer fell and a memorandum of sale was signed, the debtors retained no legal or equitable interest in the property at the time they filed their bankruptcy petition. *Id.* at 810. Therefore, the real estate never became property of the estate under Section 541. *Id.*

Both the Debtor and the Trustee attempt to attack the sale process by asserting that Movant's Exhibit 3 is not a memorandum of sale due to the following deficiencies: failure to include a legal property description, failure to reference the "advertised terms of sale" as referenced in the deed, failure to include the foreclosure notice as an exhibit, failure to indicate whether any warranties apply, failure to indicate whether the property was to be sold subject to any restrictions, failure to state which party is responsible for real estate taxes and closing costs, and failure to indicate the sale is a foreclosure sale. In the Debtor's response and memorandum, she relies heavily on this Court's prior decision in *Mortgage Electronic Registration Systems v. Wolfe (In re Wolfe)*, 344 B.R. 762 (Bankr. W.D. Va. 2006), which primarily dealt with the timing

of the completion of a memorandum of sale as opposed to the sufficiency of one. [5]  The Court in

*Wolfe* looked to its earlier decision in *Rolen v. Southwest Virginia National Bank (In re Rolen)*,

39 B.R. 260, 264 (Bankr. W.D. Va. 1983), that stated, "In a sale by a trustee under a Deed of

Trust, the sale is complete when the trustee knocks the land down to the bidder, makes a

memorandum of the sale and its terms, and signs the same."  Thus, the Court in *Wolfe* held,

"Having found that a memorandum of sale was not executed prior to the Debtors filing

bankruptcy, the Court concludes that the foreclosure sale was not complete when the Debtors

filed bankruptcy."  *Wolfe*, 344 B.R. at 768-69.

    *Wolfe* also addressed the requirements of a memorandum of sale by referencing the

Virginia Supreme Court's decisions in *Holston v. Pennington*, 225 Va. 551 (1983), and *Brent v.*

*Green*, 33 Va. (6 Leigh) 16 (1835).  "[A] valid memorandum of sale can be made by the

auctioneer alone as the joint agent of the seller and the purchaser which is sufficient even without

the purchaser's own signature."  *Wolfe*, at 769 n.4.  In *Holston*, the Virginia Supreme Court

surveyed Virginia case law on the issue of what constitutes a memorandum and set forth,

> for a brief time, from the fall of the hammer until the closing of the
> sale, an auctioneer is the agent both of the buyer and of the seller.
> If he makes any written notation of the buyer's name and the
> amount of his bid for the property sold during this time, it is a
> sufficient memorandum to take the case out of the statute of frauds.

*Holston*, 225 Va. at 557.  In the case before the Court, Movant's Exhibit 3 has the buyer's name

listed as "Suntrust Mortgage Inc." and the amount of the bid "$98,275.52," in addition to other

---

[5] In *Wolfe,* the Court discusses *In re Cole*, 88 B.R. 763 (Bankr. E.D. Va. 1988), an earlier decision out of the Eastern
District of Virginia, which held "the sale was complete even without a memorandum under Virginia law."  *Id.* at
766.  While the Court in *Wolfe* held that *Cole* was contrary to precedent of the Western District of Virginia, this
issue need not be reached in the case before the Court.  The Court finds a sufficient memorandum of sale was
completed prior to the Debtor filing her petition and therefore it is unnecessary to determine whether a memorandum
of sale must be completed in order to divest the Debtor of her real property interest.

relevant information.  The Court finds that Movant's Exhibit 3 is a sufficient memorandum of sale.[6]

The Debtor also argues in her response that,

> Even if the court finds that Exhibt [sic] #3 is a memorandum of sale, it is unknown when it was completed.  If the memorandum was not completed prior to 10:33 AM, completing the foreclosure sale after the filing of the bankruptcy petition is a nullity as it is prohibited by 11 U.S.C. § 362(a).

The suggestion that Mr. Spaulding may have completed the memorandum after the bankruptcy petition was filed is mere conjecture.  No evidence was offered to show that the memorandum of sale was not completed on April 18, 2013 at 9:48 a.m. as noted.  Mr. Spaulding testified that his usual and customary procedure was to complete memoranda of sale immediately following the auctions.  He stated, without contradiction, that he had three auctions that day, all of which were held in the same location in Roanoke City, so there was no need for him to depart from that practice and go to another jurisdiction.  Based on the evidence in the record and the credible testimony of Mr. Spaulding, the Court finds that Movant's Exhibit 3 was completed prior to the Debtor's bankruptcy petition filing, which occurred on April 18, 2013 at 10:33 a.m.

This is not the end of the inquiry, however.  Despite the completed pre-petition foreclosure sale, the Chapter 13 Trustee makes an additional argument, "[a]lthough the foreclosure wasn't completed, SunTrust must be precluded from asserting that the foreclosure was effective since it is too late to now complain."  Trustee's brief, at p. 3.  The Chapter 13

---

[6] In the Debtor's memorandum in support, she first raises the issue that the nature of Mr. Spaulding's agency is not disclosed where he completed the blanks at the bottom of the document.  This contention was not made in her response to the Motion, nor was it addressed during the evidentiary hearing.  In fact, in her response the Debtor admits that, "Upon information and belief, Glasser and Glasser, P.L.C., and/or Rocky Mount Title, Inc. and Spaulding Law, P.L.C. are the Deed of Trust Trustees."  The Trustee's Deed and the Bidding Instructions both reference Spaulding Law, P.L.C. as a trustee.  Movant's Ex. 3, 4.  The Court finds that the foreclosure trustee has made a "written notation of the buyer's name and the amount of his [final] bid for the property," and such is sufficient to memorialize the sale within the scope of _Abdelhaq_ and _Wolfe_.

Trustee goes on to assert, because a plan was confirmed, and SunTrust did not object, that SunTrust is bound by confirmation. Pursuant to the Supreme Court decision in *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010), SunTrust is bound by the provisions of the confirmed Chapter 13 plan due to its failure to object. As stated in *Espinosa,* in the context of a chapter 13 confirmation, "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 272, *citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). The order confirming the Debtor's plan was a final order, from which SunTrust did not appeal. *Espinosa*, 559 U.S. at 269-70. Absent uncommon circumstances, such as certain of those found in Federal Rule of Civil Procedure 60(b), "the finality of a Bankruptcy Court's orders following the conclusion of direct review would stand in the way of challenging their enforceability." *Id., citing Travelers Indemnity Co. v. Bailey*, 557 U.S. 137, 140 (2009).

By the thinnest of margins, the Court finds that the necessary circumstances sufficient to challenge the confirmation order are not present here. When the Debtor filed her *pro se* petition, she only listed one creditor: SunTrust Mortgage, P.O. Box 27767, Richmond, VA 23261. In addition, the notice of filing was sent to SunTrust at that address. The Chapter 13 plan states on the last page "I certify that on 5-1-13, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List." This declaration was signed by Darren Delafield, the Debtor's attorney, but there was no attached "Service List." However, SunTrust has never contended that it did not receive service of the initial filing or of the Chapter 13 plan, and the certificate of service on the Order of Confirmation of the Debtor's Chapter 13 plan was clearly served to that same address. No timely appeal was taken from that Order. By a plain

reading of the Chapter 13 plan SunTrust knew, or reasonably should have known, action was being taken to affect its rights.  For whatever reason, it chose not to act.

Moreover, even though there is case law providing that the Debtor's house did not become property of the estate[7], she still had a possessory interest in the real estate and the right to challenge the viability of the foreclosure sale.  Those rights survived the bankruptcy filing, and the Court had jurisdiction over those rights.[8]  The Debtor chose to address those rights in the content of her Chapter 13 plan.  Had the Court known that the foreclosure sale had occurred and been completed pre-petition, or had SunTrust raised the issue in an objection to confirmation, the plan may not have been not confirmed as violative of, at a minimum, 11 U.S.C. § 1322(c)(1) and §§ 1325(a)(1) and (3).  That does not mean that the Court was without jurisdiction in this matter.[9]

Once the confirmation order was entered, the Debtor had obligations to SunTrust.  Even though SunTrust refused to accept certain payments she made, it returned each of them to her. She should have set those funds aside, and continued to preserve subsequent payments necessary to comply with her Chapter 13 plan.  If she is going to get the benefits of a confirmed Chapter 13 plan, she is going to have to accept its burdens as well.  Default under a confirmed Chapter 13 plan can be "cause" for relief under 11 U.S.C. § 362(d).  *See In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985).  The Debtor will be granted thirty days from the date of this Opinion to

---

[7] *See Bell*, 507 B.R. 898, and *Abdelhaq*, 82 B.R. at 809.
[8] "Total want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and…only rare instances of a clear usurpation of power will render a judgment void."  *Espinosa*, 559 U.S. at 271.
[9] The jurisdictional foundations of this case are not identical to *Espinosa*.  In *Espinosa*, the creditor actually filed a proof of claim, "thereby submitting itself to the Bankruptcy Court's jurisdiction with respect to that claim." *Espinosa*, 559 U.S. at 275.  Here, the claims register reflects only that the Debtor filed a secured claim for SunTrust, not SunTrust itself.  Nevertheless, like the creditor in *Espinosa*, SunTrust had notice of the Debtor's plan, its contents, and the Bankruptcy Court's confirmation of the plan.  *Id.*  Coupled with the limited rights the Debtor retained in the real estate, the Court finds it did not lack jurisdiction to enter the confirmation order.

make all payments to SunTrust and the Chapter 13 Trustee, if any, that were called for under her confirmed Chapter 13 plan in order to bring her plan current.  If she fails to do so, the automatic stay will terminate as to the Debtor's residence without further order from this Court allowing SunTrust to pursue its available state law remedies.  Otherwise, the stay of 11 U.S.C. § 362(a) shall remain in effect.  Pursuant to 11 U.S.C. §1322(c)(1), the filing of a modified plan to incorporate the existing arrearages and the post-petition default shall not be permitted.

A separate Order will issue.


Decided this 2nd day of June, 2014.


UNITED STATES BANKRUPTCY JUDGE